817 F.2d 64
 In re GRAND JURY SUBPOENAS.
UNITED STATES of America, Appellant,
v.
Robert J. HIRSCH, Walter B. Nash III, William G. Walker,
Natman Schaye, Bertram Polis, and William J.
Redondo, Appellees.
 No. 85-1044.
 United States Court of Appeals,
Ninth Circuit.
 April 29, 1987.
 
 John Roll, Tucson, Ariz., for appellant.
 Chandler, Tullar, and John W. McDonald, Tucson, Ariz., for appellee.
 Before GOODWIN, ALARCON and POOLE, Circuit Judges.
 
 ORDER
 
 1
 The appendices referred to in footnote one of the opinion published at 803 F.2d 493 (9th Cir.1986) were inadvertantly omitted. We therefore order that the opinion be corrected to include the appendices which accompany this order.
 
 
 2
 hirsh and fines P.C.
 
 ATTORNEYS AT LAW (602) 884-9630
 United Bank Plaza
 
 3
 120 West Broadway Suite 429 Tucson, Arizona 85701
 
 Attorney for
 UNITED STATES DISTRICT COURT
 DISTRICT OF ARIZONA
 IN RE GRAND JURY PROCEEDINGS
 GJ 84-1-13-RMB
 AFFIDAVIT OF ROBERT J. HIRSH
 
 4
 ROBERT J. HIRSH, being first duly sworn upon his oath, deposes and says:
 
 
 5
 1. That he is has heretofore been the law partner of L. Anthony Fines, who was the lawyer for Mr. Villa-Tapia in the case in question;2. That some time prior to Mr. Fines' involvement in the case, Mr. Fines had informed your affiant that William G. Walker wanted him to represent a defendant in a major marijuana case;
 
 
 6
 3. That some time thereafter, your affiant advised by Mr. Fines that Mr. Walker had made a financial arrangement with affiant's law office to have L. Anthony Fines act as Mr. Villa-Tapia's attorney.
 
 
 7
 4. That your affiant is virtually certain that L. Anthony Fines never had any dealings with anyone other than William G. Walker with respect to attorney fees in this case;
 
 
 8
 5. That your affiant is virtually certain that L. Anthony Fines never met nor heard the name of the person who paid Mr. Walker;
 
 
 9
 6. That your affiant has never met nor heard the name of the person who paid Mr. Walker the attorney fees for Mr. Villa-Tapia.
 
 
 10
 FURTHER AFFIANT SAYETH NOT.
 
 
 11
 s/Robert J. Hirsh
 
 ROBERT J. HIRSH
 
 12
 SUBSCRIBED AND SWORN to before me, the undersigned officer, this 25th day of January, 1985, by Robert J. Hirsh.
 
 
 13
 s/Martha Anne Moore
 
 Notary Public
 My commission expires:
 May 7, 1987
 LAW OFFICES OF
 
 14
 WALTER B. NASH III, P.C.
 
 SUITE 450 TULUCA BUILDING
 UNITED BANK PLAZA
 P.O. BOX 2310
 TUCSON, ARIZONA 85702
 TELEPHONE (602) 792-1613
 PIMA COUNTY COMPUTER NO. 41034
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF ARIZONA
 NO. GJ 84-1-13
 AFFIDAVIT
 In Re Grand Jury Subpoenas
 
 15
 WALTER B. NASH III being first duly sworn deposes and says:
 
 
 16
 1. That I was the attorney of record in the criminal case which underlies this grand jury proceedings for Guillermo Soto-Leal.
 
 
 17
 2. That I received some funds from William Walker in conjunction with this representation. I told Mr. Walker that I felt that our conversation and acts were covered by the attorney-client privilege.
 
 
 18
 3. That any and all other individual(s) that I met with and conversed with regarding fees and/or received anything for fees in this matter from was (were) clearly informed at the very beginning of any such conversation(s) that I considered myself to be their attorney for those matters and that any and all discussions that we had and other activities ... that we engaged in (other than future criminal conduct) would be covered by the attorney-client privilege. That person(s) agreed with that procedure.
 
 
 19
 Further affiant sayeth not.
 
 
 20
 s/Walter B. Nash, III
 
 WALTER B. NASH III
 
 21
 SUBSCRIBED AND SWORN to before me this 28th day of January, 1985, by WALTER B. NASH III.
 
 
 22
 s/Vicki L. Lovey
 
 NOTARY PUBLIC
 My Commission Expires:
 
 23
 ____________________
 
 UNITED STATES DISTRICT COURT
 DISTRICT OF ARIZONA
 G.J.-84-1-13-RMB
 AFFIDAVIT
 IN RE GRAND JURY SUBPOENAES
 STATE OF ARIZONA
 
 24
 COUNTY OF PIMABERTRAM POLIS, being duly sworn upon his oath deposes and says:
 
 
 25
 1. That he is an attorney licensed to practice in the state and federal courts in the State of Arizona;
 
 
 26
 2. That he has practiced law predominantly in the field of criminal defense since October of 1975;
 
 
 27
 3. That subsequent to the arrest of RICARDO VIGIL BUSTAMONTE in UNITED STATES v. RICARDO VIGIL BUSTAMONTE, et al., and prior to filing a notice of appearance affiant was contacted by William G. Walker whose purpose was to retain affiant to defend MR. BUSTAMONTE;
 
 
 28
 4. That during this contact funds were paid the affiant but your affiant was never told the name(s) of the person(s) who paid Mr. Walker and still does not know who did so;
 
 
 29
 5. That during this contact or series of contacts, discussions concerning pre-trial and trial strategies, as well as matters of investigation occurred;
 
 
 30
 6. That during this contact or series of contacts mutual defense and separate defenses were discussed;
 
 
 31
 7. That these contacts were intended by all parties to be privileged pursuant to the attorney-client work product privilege;
 
 
 32
 8. FURTHER, AFFIANT SAYETH NOT.
 
 
 33
 s/Bertram Polis
 
 BERTRAM POLIS
 
 34
 SUBSCRIBED AND SWORN to before me this 28 day of January, 1985, by BERTRAM POLIS.
 
 
 35
 s/Sheri L. Hill
 
 Notary Public
 My Commission Expires:
 May 18, 1987
 UNITED STATES DISTRICT COURT
 DISTRICT OF ARIZONA
 G.J.-84-1-13-RMB
 AFFIDAVIT
 IN RE GRAND JURY SUBPOENAES
 STATE OF ARIZONA
 COUNTY OF PIMA
 
 36
 I, WILLIAM J. REDONDO, being first duly sworn upon my oath, depose and say as follows:
 
 
 37
 1. I am a member of the Pima County Bar Association, the Arizona Bar Association and the Bar for the United States District Court for the District of Arizona;
 
 
 38
 2. On or about March 24, 1984, I was contacted by a long-time client who I was actively representing at that time;
 
 
 39
 3. I was asked if I would consider representing five defendants who were charged in the underlying case;
 
 
 40
 4. I agreed to do so and discussed various matters at length with my client;
 
 
 41
 5. Subsequently I was paid for my services to the five named defendants by my client;
 
 
 42
 6. At all times my conversations with the person who retained me and paid me were in the nature of attorney-client conversations and I consider my communications with him/her and all of my contacts with him/her to be confidential.
 
 
 43
 FURTHER AFFIANT SAYETH NOT.
 
 
 44
 s/William J. Redondo
 
 WILLIAM J. REDONDO
 
 45
 SUBSCRIBED AND SWORN to before me this 28 day of January, 1985, by WILLIAM J. REDONDO.
 
 
 46
 s/Sheri L. Hill
 
 Notary Public
 My Commission Expires:
 May 18, 1987
 UNITED STATES DISTRICT COURT
 DISTRICT OF ARIZONA
 G.J.-84-1-13-RMB
 AFFIDAVIT
 IN RE GRAND JURY SUBPOENAES
 STATE OF ARIZONA
 
 47
 COUNTY OF PIMANATMAN SCHAYE, being first duly sworn, upon his oath deposes and states:
 
 
 48
 1. That Affiant was the attorney for RUBEN CRUZ-SINOTEZ in the United States District Court for the District of Arizona in Case No. CR-84-090-TUC-RMB;
 
 
 49
 2. That your Affiant was contacted by William G. Walker prior to entering into the representation of RUBEN CRUZ-SINOTEZ;
 
 
 50
 3. That your Affiant was retained by Mr. Walker to represent RUBEN CRUZ-SINOTEZ;
 
 
 51
 4. That your Affiant was paid by Mr. Walker, but your Affiant did not and does not know who paid Mr. Walker;
 
 
 52
 5. That the foregoing information is true and accurate to the best of Affiant's knowledge, information and belief.
 
 
 53
 FURTHER, AFFIANT SAYETH NOT.
 
 
 54
 s/Natman Schaye
 
 NATMAN SCHAYE
 
 55
 SUBSCRIBED AND SWORN to before me this 28 day of January, 1985, by NATMAN SCHAYE.
 
 
 56
 s/Sheri L. Hill
 
 Notary Public
 My Commission Expires:
 May 18, 1987
 UNITED STATES DISTRICT COURT
 DISTRICT OF ARIZONA
 G.J.-84-1-13-RMB
 AFFIDAVIT
 IN RE GRAND JURY SUBPOENAES
 STATE OF ARIZONA
 COUNTY OF PIMA
 
 57
 I, WILLIAM G. WALKER, being first duly sworn upon my oath, depose and say as follows:
 
 
 58
 1. I am a member of the Pima County Bar Association, the Arizona Bar Association and the Bar for the United States District Court for the District of Arizona;
 
 
 59
 2. I am presently appointed to represent Israel Valles-Valencia whose case is currently on appeal before the United States Court of Appeals for the Ninth Circuit;
 
 
 60
 3. Prior to the trial of the case, I was retained to represent Mr. Valles-Valencia;
 
 
 61
 4. I was retained to represent Mr. Valles-Valencia in this case by a person who retained me not only to represent Mr. Valles-Valencia, but to perform other services and functions for his/her both in connection with this case and in connection with other legal matters;
 
 
 62
 5. At the time I met with the person who retained me, I gave him/her legal counsel and advice with respect to matters other than the defense of Mr. Valles-Valencia;
 
 
 63
 6. At all times relevant hereto, I considered my meetings with the person who retained me to be part of the attorney-client privilege, and considered my communications with him/her and all of my dealings with him/her to be confidential;
 
 
 64
 7. I believe that to reveal any further information about the person who contacted me, the fee paid, or the circumstances of our meeting would be in violation of my responsibilities to my client.
 
 
 65
 FURTHER, AFFIANT SAYETH NOT.
 
 
 66
 s/William G. Walker
 
 WILLIAM G. WALKER
 
 67
 SUBSCRIBED AND SWORN to before me this 28 day of January, 1985, by WILLIAM G. WALKER.
 
 
 68
 s/Sheri L. Hill
 
 Notary Public
 My Commission Expires:
 May 18, 1987